KAUFMAN v. THE STATE.

CRIMINAL LAW.—*Indictment.—Receiving Stolen Goods.*—An indictment charging that the defendant did feloniously buy, receive, conceal, and aid in the concealment of certain property, belonging to certain persons named, which, prior to the time it was so bought, etc., had been feloniously stolen, etc., by some person unknown, the defendant, at the time he so bought, etc., the same, well knowing that the property had been stolen, is good, though it does not show the time when it was stolen, and that it was the subject of larceny at the time it was so received.

SAME.—*Alibi.*—If the evidence touching an *alibi* is sufficient to raise a reasonable doubt of the guilt of the accused, it should be considered, although the *alibi* does not cover the whole time during which the crime was committed.

From the Marion Criminal Circuit Court.

*S. A. Huff, F. J. Mattler,* and *P. Rappaport,* for appellant.

*C. A. Buskirk,* Attorney General, *J. M. Cropsey,* Prosecuting Attorney, and *R. D. Doyle,* for the State.

BIDDLE, J.—Prosecution for receiving stolen goods, with guilty knowledge. The charging part of the indictment is as follows:

"That Moritz Kaufman, on the 28th day of December, A. D. 1874, at and in the county of Marion, and State aforesaid, did feloniously buy, receive, conceal, and aid in the concealment of eleven hogs, of the value of twelve dollars each, the said hogs then and there being the property of Samuel Hanway, George W. Parker, and Oscar W. Kelly; which said hogs, prior to the time they were so bought, received, and concealed by said Kaufman, had been feloniously stolen, taken, and carried away, at said county, by some person to said jurors unknown; he, the said Kaufman, at the time he so bought, received, concealed, and aided in the concealing of said hogs, well knowing that the same had been stolen, contrary," etc.

Plea, not guilty; trial by jury; verdict of guilty; motion for a new trial overruled; motion in arrest of judgment overruled; exception taken to each ruling, and appeal to this court.

There was no motion to quash the indictment, yet the appellant insists that it is insufficient to support the judgment against a motion in arrest. The point taken against it is, that it does not show that the hogs were under the larceny, and in a larcenous possession, at the time it is alleged that he so received them; that, for aught the indictment shows, the hogs might have been stolen at some indefinite period before the time they were received, yet, at the time, have been freed from the larceny, and in the honest possession of those who delivered them to him, and that a knowledge of such larceny would not be criminal.

The form of the indictment, doubtless, shows a relaxation from the strictness of common law pleading, yet it conforms to authorized precedents, which have been repeatedly approved under both English and American statutes, similar to our own. The words charging that the appellant "did feloniously

receive," etc., are held to supply the more formal allegation. omitted in the indictment. That he " did receive," etc., could not be felonious, unless the hogs were the subject of larceny at the time he so received them. The appellant, therefore, was not put in any greater danger on the trial, nor in any way embarrassed in his defence, for want of the omitted averment in the indictment. It informed him fully of the charge against him and of what he might expect to meet on the trial. Whart. Precedents, 450; Whart. Crim. Law, sec. 1888; *The State* v. *Weston*, 9 Conn. 527; *The State* v. *Smith*, 37 Mo. 58; *Swaggerty* v. *The State*, 9 Yerg. 338; *Rex* v. *Jervis*, 6 C. & P. 156; *Regina* v. *Martin*, 9 C. & P. 215; *Holford* v. *The State*, 2 Blackf. 103; *Pelts* v. *The State*, 3 Blackf. 28; *Gandolpho* v. *The State*, 33 Ind. 439.

The evidence is all before us. It shows us, on the part of the State, that the hogs were taken from their feeding place, in a yard, about four and a half miles north of Indianapolis, on the night between Monday the 28th day of December, 1874, and Tuesday the 29th, the next day. They were missed on Tuesday morning at sunrise, tracked to the appellant's slaughter-house in Indianapolis, and found in his close-pen, fastened up.

After the State had closed her evidence, the defendant called a witness, Henry Nicolai, who testified, that " on Monday night I went with the defendant to No. 43 south Illinois street, to Aug. Mai's jewelry store; we stayed there from seven to half past eight o'clock, waiting for Mai; he was gone to supper; defendant and several others were there; we went from there to Washington Hall; defendant and Mr. Fetsch were with me; we were there half an hour; drank beer, and had a little conversation; we went home from Washington Hall, and got home between half past nine and ten o'clock; defendant went with me; I then lived up stairs in Kaufman's house; saw him that night at ten o'clock; saw him in the morning at breakfast, a little before seven o'clock; heard the watchman wake Kaufman in the morning at half past four or five o'clock, and heard Kaufman answer."

Kaufman *v.* The State.

There was also evidence on the part of appellant tending to show that the Monday night spoken of by this witness was the Monday night upon which the hogs were stolen.

With this evidence before the jury, the court gave them the following instruction:

" The defendant having introduced evidence for the purpose of establishing an *alibi*, or, in other words, to show that he was not guilty, for the reason that he was at a different place, if he failed to cover the whole time necessary when the crime may have been committed, then you would be warranted in paying no attention to such testimony."

As a rule of law, this instruction is erroneous. An *alibi* is a legitimate defence, and if the evidence touching it was sufficient to raise a reasonable doubt of the appellant's guilt in the minds of the jury, it should have been considered, although the *alibi* did not cover the whole time during which the crime was committed. The case of *French* v. *The State*, 12 Ind. 670, is in point. The same principle is supported in the cases of *Adams* v. *The State*, 42 Ind. 373, and *Binns* v. *The State*, 46 Ind. 311.

There is no evidence connecting the appellant with the charge before Wednesday morning next succeeding the Tuesday on which the hogs were found in his slaughter-pen. His guilty knowledge, as charged, is left to inference from facts arising subsequent to the transaction.

Although the evidence is all before us, we cannot clearly see that the appellant was not injured by the instruction complained of.

There was an objection made to certain hearsay evidence offered on behalf of the appellant, in the testimony of August Bruno and Charles Krist, and sustained by the court, but the ruling was so evidently correct that we do not think it necessary to more particularly notice the point.

There was also a complaint made against one of the jurors for alleged misconduct during their retirement, and while they were considering their verdict; but, trusting that nothing of

the kind may occur again, and as it is not necessary to the decision of the case, we leave it unnoticed.

The judgment is reversed; the cause is remanded, with instructions to sustain the motion for a new trial. The clerk will issue the proper order for the return of the prisoner.