Owen *v*. The State.

---

OWEN *v*. THE STATE.

52  379
158  57

CRIMINAL LAW.—*Receiving Stolen Goods.*—*Instructions.*—On the trial of an indictment containing a count for larceny and a count for receiving stolen goods, the court, having charged the jury, as to the former count, that one of the essentials thereof was, that the goods " were so stolen by the identical" defendant, naming him, "named in the indictment, alone, or by him acting jointly with others," instructed as to the latter count that it was material thereunder " that the articles named in that count, or some of them, were by some one feloniously stolen, taken and carried away from " the owner named in the indictment.

*Held*, that the jury could not have been misled by said instruction as to the receiving of stolen goods, by its failure to state that the goods must have been feloniously taken by some one other than the defendant.

SAME.—The court also instructed the jury as to said count for receiving stolen goods, that it was essential thereunder "that the identical" defendant, naming him, "named in that count, did feloniously, knowing that such goods were so stolen, receive or conceal them, or a part of them."

*Held*, that this instruction was not erroneous for not stating that the goods must have been received from the thief or his agent.

From the Whitley Circuit Court.

*W. Olds* and *Carpenter & Cook,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

WORDEN, J.—The appellant, together with several others, was indicted for larceny and receiving stolen goods. The indictment contained four counts, two only of which need be noticed. The first charged the defendants with having stolen four barrels of flour, and three kits and four kegs of butter, the property of the Pennsylvania Company. The third charged them with having feloniously received and concealed the same property, belonging to the same company, knowing the same to have been before that time feloniously stolen, etc.

The appellant was tried separately and acquitted of all but the third count, upon which he was convicted. Judgment accordingly, over the appellant's motion for a new trial.

The only question made here is, whether the court below erred in overruling the appellant's motion for a new trial, the reasons for which were, in substance, that the verdict was not sustained by the evidence, and that the court erred in giving certain charges to the jury.

We have examined the evidence with care, and are satisfied that we should not disturb the verdict of the jury.

The jury were clearly authorized by some of the evidence to have found the appellant guilty of the larceny of the goods, as charged in the first count of the indictment. They must have done so, had they believed in full the evidence of one of the witnesses for the State. But there were circumstances tending to impair the credibility of the witness. The jury were not necessarily bound to believe all the witness testified to, or to reject his evidence altogether. They might believe him in part, and disbelieve him in part, if they saw good cause to do so from his manner upon the witness stand and the circumstances of the case, viewed in connection with the other evidence in the cause.

Conceding that the appellant was not shown to have been

guilty of the larceny, we think the evidence was sufficient to establish, beyond a reasonable doubt, his guilt as charged in the third count. The value of the goods received and concealed by the appellant, on the theory that he was guilty, was more than five dollars.

We proceed to the charges complained of. The court, in stating to the jury the material averments of the third count, said that they were, amongst other things:

" 1. That the articles named in that count, or some of them, were, by some one, feloniously stolen, taken and carried away from the Pennsylvania Company.

" 3. That the identical Jeremiah Owen named in that count did, feloniously, knowing that such goods were so stolen, receive or conceal them, or a part of them, in the county of Whitley, and State of Indiana."

It is objected that the first proposition is erroneous, in not stating that the goods must have been feloniously taken by some one other than the defendant. It may be conceded that if the defendant stole the goods, he could not be convicted as a receiver.

But the jury could not have been misled. They were not left to suppose that if the goods had been feloniously taken by the appellant himself, he could be convicted upon the count for receiving. In stating to the jury the substance of the first count, that for the larceny, the court had said to them that one of the essentials of that count was " that they," the goods, " were so stolen by the identical Jeremiah Owen named in the indictment, alone, or by him acting jointly with others." The jury, we think, must, from the charges given, have clearly understood that, if the appellant himself stole the goods, the first, and not the third, count was the one upon which he should be convicted.

The third proposition is objected to because it does not state that the goods must have been received from the thief or his agent. 2 Whart. Crim. Law, sec. 1893, is cited. The goods could not have been *feloniously* received by the appellant, he knowing them to have been stolen, if the circumstan-

ces were such as to render the receipt innocent. The felonious receipt of the goods implies all that is necessary to make the receipt criminal. An indictment is good, which charges the felonious reception of stolen goods, knowing them to have been stolen, without any statement that they were received from the felon or his agent, or other circumstances showing the reception to have been criminal. *Kaufman* v. *The State*, 49 Ind. 248. The statement of the court was legally correct, and if the appellant had desired any further explanatory statement, he might have asked it.

There is no error in the record.

The judgment below is affirmed, with costs.