LEON ANDERSON AND EDWARD BROWN, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Our statute (Rev. Stat., sec. 2451) which provides that "whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished, etc., makes the buying and receiving of stolen goods, knowing the same to have been stolen, a substantive felony.

2. Where the offense of receiving stolen goods is a substantive felony, it is not necessary in an information for such offense to state the name of the thief who stole the goods, nor the person from whom the same were received, nor that the names of such persons are unknown.

3. An information which charges that the defendants "on the 30th day of December, A. D. 1895, in the county and State aforesaid, did have, receive and aid in the concealment of" certain goods described in the information, the property of one B. M. Baer, "well knowing that said property had before that been taken, stolen and carried away, contrary to the form of the statute," etc., is fatally defective in not charging that the goods received by the defendants were stolen goods.

4. In a prosecution for receiving stolen goods, the fact that the goods received by the defendants were stolen goods is an essential element of the offense with which they are charged, and should be directly alleged. It must not be left to inference or conjecture from other facts which are stated.

Writ of Error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion.

*John L. Doggett*, for Plaintiffs in Error.

*W. B. Lamar*, *Attorney-General*, for the State.

LIDDON, J.:

The plaintiffs in error were convicted upon the second count of an information presented against them and other persons in the court below. Said second count reads as follows: "And your informant aforesaid further information makes that the said John Brown, William Scott, Charles Smith, Henry Alexander, Leon Anderson and Edward Brown aforesaid on the 30th day of December, A. D. 1895, in the county and State aforesaid, did have, receive and aid in the concealment of nine pairs of pants, of the value of twenty-seven dollars; five dress coats, of the value of forty dollars; two overcoats, of the value of thirty dollars; all of the value of ninety-seven dollars, the property of one B. M. Baer; they, the said John Brown, William Scott, Henry Alexander, Leon Anderson and Edward Brown, then and there well knowing that said property had before that been taken, stolen and carried away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

After the verdict the defendants moved to arrest the judgment upon the grounds, among others, that the information does not charge from whom the alleged stolen goods were received, and that the information fails to allege that the goods were received with a felonious intention, and for other grounds apparent upon the face of the proceedings. The order overruling the motion to arrest the judgment is made the basis of an assignment of error.

It is argued that the information is fatally defective in not naming the person from whom the goods were received by the defendants. There is no merit in this.

## JUNE TERM, 1896      5

Anderson and Brown v. The State of Florida.—Opinion of Court.

contention. Formerly in England, under the statute of 5 Ann. c. 31, sec. 5, and formerly, and perhaps now, in some States of this Union, where the same statute prevails, the receiver of stolen goods was regarded as an accessory after the fact to the stealing. Upon this view it has been held necessary in an indictment for the offense to state the name of the person from whom the goods were received. State vs. Ives, 13 Iredell, 338; State vs. Beatty, 62 N. C. 52. It seems that the Texas Court, in a very brief opinion, without stating the reason inducing it so to do, has followed the North. Carolina cases. State vs. Perkins, 45 Texas, 10. The statute of Anne was afterwards in England superseded by the statutes of William III, and George II, which makes the offense a substantive felony. Our statute (Rev. Stat. sec. 2451) provides that "whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished," etc. The buying and receiving of stolen goods, knowing the same to have been stolen, is thereby made a substantive offense. The offense denounced by the statute is not buying, receiving, etc., stolen property from the thief himself, or from any other particular person, but buying or receiving, etc., such property, knowing it to be stolen, from any person whatsoever. Maxwell's Crim. Pro., .383 and note. Where the same system prevails it has been almost universally held that an indictment for this offense need not name the thief who stole the goods, or the person from whom the same were received, nor state that the names of such persons are unknown. 2 Archbold's Crim. Pl. & Pr., 1422 *et seq.;* .3 Chitty's Crim. Law, sec. 988; 1 Wharton's Crim. Law, secs. 982, 997; United States vs. DeBare, 6 Biss.

358; Levi vs. State, 14 Neb. 1, 14 N. W. Rep. 543; State vs. Smith, 37 Mo. 58; Shriedley vs. State, 23 Ohio St. 130; State vs. Murphy, 6 Ala. 845; State vs. Hazard, 2 R. I. 474, S. C. 60 Am. Dec. 96; Owen vs. State, 52 Ind. 379; Campbell vs. State, 73 Miss. 321, 17 South. Rep. 441.

While the point disposed of is not well taken, there is a fatal defect in the information. The information wholly fails to charge any offense against the defendants, in this, it contains no allegation in the count upon which conviction was had that the goods which the defendants are charged with receiving, etc., were stolen goods. It simply charges that the defendants "did have, receive and aid in the concealment of" certain goods, "of the value of ninety-seven dollars, the property of one B. M. Baer." It is true that in that part of the information which charges a guilty knowledge upon the defendants it is alleged that they received them, "well knowing that said property had before that been taken, stolen and carried away, contrary to the form of the statute," etc. From this allegation we might infer that the property was stolen property. This looseness in a criminal pleading is too great to permit us to sanction the same. The fact that the goods received by the defendants were stolen property was an essential element of the offense with which they were charged. In order to justify a conviction it must be directly alleged. It must not be left to inference or presumption from other facts which are stated. We can not supply by inference or conjecture a material fact which should be alleged and proven. Moulie vs. State, 37 Fla. 321, 20 South. South. Rep. ——.

The judgment of the Criminal Court of Record of Duval County is reversed with directions that an order be entered arresting the judgment of the court upon the information, and that such further proceedings be had in the case as may be consistent with law and this opinion.