## THE STATE *vs.* JAMES G. LONG.

* First Judicial District, Hartford, May Term, 1899.  ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The jury in a criminal case should receive such instructions respecting the nature of the offense charged, the questions they are to decide and the evidence applicable thereto, as will enable them to intelligently try and determine the cause; and if this is properly done, and there are no requests for specific instructions, the duty of the trial court in charging the jury is performed.

If evidence is received without objection and no motion to strike out is made nor any request that the jury should be instructed to disregard it, the trial court is not required to pass upon its admissibility in charging the jury.

* Transferred from third judicial district.

---

The State v. Long.

---

In a criminal case the court, in alluding to "reasonable doubt," charged
    the jury that it must be "a real, substantial doubt, not a mere pos-
    sible or imaginary one;" that proof was sufficient "if it establishes
    guilt to a moral certainty—such certainty as firmly and fully con-
    vinces the understanding of prudent men." *Held* that this instruc-
    tion afforded the accused no ground of complaint.
In a prosecution for rape the court charged the jury that if the com-
    plainant was incapable of resistance through fear, or if resistance
    was entirely useless, there might be rape although no resistance
    was in fact made; that resistance was to be expected unless the
    complainant's mind was so overcome by fear as to be incapable of
    it, or unless there was such an exhibition of brute force as to make
    resistance useless or impossible. *Held* that these instructions were
    pertinent to the facts as claimed by the State, and were not mislead-
    ing as implying that no resistance was to be expected if in fact it
    would have been unavailing, although it might have seemed other-
    wise at the time to the complainant.
The extent to which the court should discuss the evidence in submit-
    ting a cause to the jury is within the discretion of the trial judge.

Argued May 4th—decided June 1st, 1899.

PROSECUTION for rape, brought to the City Court of New
Haven and thence by a binding-over to the Superior Court
in New Haven County and tried to the jury before *Ralph
Wheeler, J.;* verdict and judgment of guilty, and appeal by
the accused for alleged errors in the charge of the court. *No
error.*

The State claimed to have proved at the trial that the
accused, who was 29 years of age, first formed the acquaint-
ance of the complainant, who was 21 years of age and of slight
physical strength, in November, 1898, by accosting her upon
the street in the evening; that he arranged with her that she
should become a pupil in his evening school of telegraphy,
conducted in a second story room in Chapel street, New
Haven; that she occasionally remained with him after the
other pupils had gone; that on the evening of the 28th of
November he made an improper proposal to her, and at-
tempted some familiarities, which she claims she indig-
nantly repulsed, but which the accused claims she did not;
that, as claimed by the State, on the evening of December 1st,
at about 10:30, after the other pupils had left, and when the
accused knew that the rooms upon that floor were unoc-

cupied, having locked the door and turned down the light, he assaulted the complainant, throwing her upon the floor and placing his knee upon her side so that she at times became unconscious; that she threatened to scream, and he said he did not care, as there was not a living soul in the building; that she did not scream; that "she resisted all she could, and tried to get up; that he put his knee on her side and pinned her down so that she could not move," and accomplished his purpose; that after the assault was over she told him she would make him trouble, and he replied she could do nothing, as he was a married man; that she was crying, and in great agony; that they left the room; that upon meeting two policemen coming up the stairs, he returned to the room ostensibly to get something; that she said nothing to the policemen because, as she testified, she felt so bad, and did not know as they would believe her; that the accused rejoined her and accompanied her to a street car, and she went home; that she did not that night tell any person of the assault; that she lived with a married sister, and slept with another sister who was not married; that the next morning she consulted a physician, and, upon his advice, told her unmarried sister of the assault, writing it upon paper; that in the opinion of the physician this was the first time she had had intercourse with man; that the prisoner's wife afterwards called upon the State's Attorney and endeavored to persuade him to be easy with her husband.

The accused claimed that on several occasions prior to the night in question he had taken liberties with the complainant which she did not repulse; that on the 30th of November she consented to have intercourse with him upon the next night, and that on the night in question he had intercourse with her, with her assent and without difficulty or force, and that he did not put his knee upon her side; that he afterwards assisted her in putting on her rubbers and wraps; that as they were near the stairs where they met the policemen he returned to get his rubbers, that she waited for him, and that he walked with her to the street car; that when she consulted the physician she asked the physician whether

she was in trouble; that she told him she knew the man's name, but could not think of it that morning; that the complainant asked to be taken to the jail where the accused was confined, and there said she would be glad to settle the case out of court for Mrs. Long's sake.

The court finds that counsel for the accused made substantially the following claims in their argument: (1) If the jury find that the complainant consented to the act of intercourse, then the defendant is not guilty of rape. (2) If the jury find that the accused neither used force, nor intimidated the complainant in any manner, he is not guilty of rape. (3) That the jury should take into consideration the entire conduct of the complainant, what she said and did relating to this matter, both before and after the act. In this connection counsel claimed (*a*) that the complainant inquired of the physician whether he thought she was in trouble; (*b*) that the complainant had attempted to obtain money from the accused for the alleged assault; (*c*) that there was a prior understanding between the complainant and the accused that he should have intercourse with her on the night in question.

*William B. Stoddard* and *Frank S. Bishop*, for the appellant (the accused).

*William H. Williams*, State's Attorney, for the appellee (the State).

HALL, J. There are thirteen reasons of appeal assigned, all of which are based upon alleged errors in the charge to the jury. There were no objections to evidence offered, either by the State or the accused, and no requests to the court for instructions to the jury. It is not alleged as a reason of appeal that the court overruled any of the claims of law made by counsel for the accused in their arguments. If there is any error, it must be in the failure of the court either to state its opinion to the jury upon the questions of law which had arisen in the trial, or to submit the law and facts to the consideration of the jury as required by the statute.

It is the duty of the court, in charging the jury in a criminal case, to give to them such instructions as may be required to enable them to understand the nature of the offense charged and the questions which they are to decide, to weigh the evidence applicable to such questions, and to intelligently decide them. When this is properly done, and there are no special requests for instructions to be passed upon, the duty imposed upon the court by § 1630 of the General Statutes has been performed.

In properly instructing the jury it may or may not be necessary for the court to recall the attention of the jury to the evidence and to the facts which the State and the accused respectively claim to have established, or to comment upon the evidence or express an opinion as to its weight, or as to what verdict would be proper if the jury should find certain facts to have been proved. The charge should be so framed that the jury may clearly understand the matters which are submitted to them. *State* v. *Fetterer*, 65 Conn. 287. It is within the province, and may be within the duty, of the trial judge to not only call attention to the evidence adduced, but to state to the jury in the charge "his own opinion of the nature, bearing and force of such evidence." *State* v. *Rome*, 64 Conn. 329; *State* v. *Main*, 69 id. 123. It is not necessarily error to omit all comment upon the bearing and weight of evidence; and generally the extent to which the court should discuss the evidence in submitting a case to the jury is, so long as in criminal cases the jury are not directed "how to find their verdict," within the discretion of the trial judge. *State* v. *Duffy*, 57 Conn. 525; *McQuillan* v. *Willimantic Electric Light Co.*, 70 id. 715; *Sturdevant's Appeal*, 71 id. 392.

The fifth reason of appeal assigns as error the failure of the court to charge that the admissions of the wife of the accused to the State's Attorney, were not evidence against the prisoner. As there was no objection to this evidence when it was offered, nor subsequent motion to strike it out, nor request that the court instruct the jury not to consider it, the court was not required to pass upon its admissibility.

In the eighth and thirteenth reasons of appeal the follow-

ing language of the court, in speaking of a reasonable doubt, is claimed to be erroneous: " A doubt which entitles an accused to an acquittal must be a real, substantial doubt, not a mere possible or imaginary one. . . . The proof is sufficient if it establishes guilt to a moral certainty,—such a certainty as firmly and fully convinces the understanding of prudent men." We find nothing in this language to criticize. It calls for proof of the guilt of the accused to that high degree of certainty which is required in criminal cases. 1 Greenl. on Ev. (13th ed.) § 29, and note 2.

The ninth and tenth reasons of appeal question the correctness of the following language of the charge: " If she was incapable of resistance through fear, or if resistance was entirely useless, there might be rape if no resistance was in fact made. It is to be expected that resistance will be made, unless the mind of the woman is so overcome by fear that she is incapable of resistance, or unless there is such an exhibition of brute force as to make resistance useless or impossible."

The first statement is said to be misleading and inapplicable to the facts, as it is claimed there was no evidence that the complainant was put in fear, or that resistance would have been useless ; and the second to be erroneous, as a statement that resistance was not to be expected when it was in fact useless, although it might not have so appeared to the complainant. The evidence of the physical weakness of the complainant, that the accused locked the door and put out the light and threw her down and put his knee upon her side, and that at times she became unconscious, was sufficient evidence that she was in fear, and that resistance would have been useless, to render the first statement pertinent to the facts as claimed by the State. We think the second statement, from the use of the words " such an exhibition of brute force," would be understood as referring to a resistance which seemed to her useless. There was no error in this part of the charge. *State* v. *Shields*, 45 Conn. 256, 264.

The remaining reasons of appeal are based upon the claim, either that the law required the court to more fully review the evidence and point out to the jury the bearing of certain

evidence upon the question of consent, and the question whether the assault was made with force, or to state to the jury that in the opinion of the court, upon finding certain facts to have been proved, they should render a verdict of not guilty. As the record does not disclose that counsel for the accused in any manner requested the court to charge the jury upon these matters, we think for the reasons above stated that the court committed no error in omitting to comment further upon the evidence.

There is no error.

In this opinion the other judges concurred.