## SEMON v. STATE.

[No. 19,727.   Filed January 30, 1902.]

CRIMINAL LAW.—*Receiving Stolen Goods.—Affidavit and Information.*— An affidavit and information under §2012 Burns 1901 for receiving stolen goods must charge in substance that the goods had been stolen, and had been received by defendant knowing that they had been stolen.  *p. 56.*

SAME.—*Indictment.*—An indictment or information is sufficient if the charge is made substantially in the language of the statute defining the offense. . *pp. 56, 57.*

SAME.—*Receiving Stolen Goods.—Affidavit and Information.*—An averment in an information for receiving stolen goods that defendant "feloniously" received the goods that had been stolen is equivalent to charging that defendant received the goods which at the time of receiving were still under the larcenous taking.  *p. 57.*

SAME.—*Receiving Stolen Goods.—Affidavit and Information.*—An information in a prosecution for receiving stolen goods need not charge the name of the thief, nor allege that the name of the thief is unknown to affiant, and an averment that the name is unknown will be regarded as surplusage.  *pp. 57-59.*

From Madison Circuit Court; *J. F. McClure*, Judge.

Justin Semon was convicted of receiving stolen goods, and he appeals.  *Affirmed.*

*T. Bagot, A. Ellison, C. K. Bagot, W. A. Kittinger* and *W. S. Diven*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores* and *C. C. Hadley*, for State.

HADLEY, J.—Appellant was convicted of receiving stolen goods.  He asks for a reversal of the judgment for alleged errors of the court in overruling his joint and separate motion to quash the affidavit and information and his motion for a new trial.  The charging part of the affidavit is in these words:  "Emile C. Fessler, who, being duly sworn, upon his oath says that Justin Semon on the ——— day of October, A. D. 1899, at and in the county of Madison, and State of Indiana, did then, and there unlawfully and feloniously buy, receive, conceal, and aid in the concealment of

eight overcoats, forty-seven suit coats, twenty-six pairs of pants, and twenty-one vests, of the value of $250, of the personal property of John Owen and Philip Owen, partners doing business under the firm name of Owen Brothers; which said goods and property, prior to the time it was so bought, received, and concealed by said Justin Semon, had been unlawfully and feloniously stolen, taken, and carried away at said county, by some person or persons to affiant unknown; that said Justin Semon at the time he so bought, received, concealed, and aided in concealing said goods and property, well knowing that the same had been so as aforesaid unlawfully and feloniously stolen, contrary," etc. The information, except the formal parts, is the same as the charging part of the affidavit, and is signed by the prosecuting attorney.

Appellant's points against the affidavit and information are (1) that neither, nor both combined, show that the goods received by appellant had, at the time they were received, the quality of stolen goods; and (2) that neither the affidavit nor information charge that the goods were received from the thief, or any one acting for or with him.

1.   The prosecution is under §2012 Burns 1901, §1935 R. S. 1881 and Horner 1901, which reads, "Whoever buys, receives, conceals or aids in the concealment of any thing of value, which has been stolen,   *   *   *   knowing the same to have been stolen,   *   *   *   shall, if the goods are of the value of $25 and upwards, upon conviction thereof, suffer", etc.   There are three elements of the crime here defined:   (1) the receipt, (2) of goods which have been stolen, and (3) knowing them to have been stolen.   To make a good charge, it must therefore be averred, in substance, that the goods had been stolen, and had been received by the defendant, knowing that they had been stolen.   The general rule in this State is that an indictment or information is sufficient if the charge is made substantially in the language of the statute defining the offense. *Benham* v. *State*, 116

Semon *v.* State.

Ind. 112; *Stewart* v. *State,* 111 Ind. 554; *State* v. *Miller,* 98 Ind. 70; *Riley* v. *State,* 95 Ind. 446; *Betts* v. *State,* 93 Ind. 375.

Here the charge is not only in language equivalent to the words of the statute, but it is in substantial compliance with the first insistence of appellant. The averment is that the defendant "feloniously" received goods that had been previously stolen, knowing, etc. While to aver that an act was feloniously done will not make it so in fact, yet in making a criminal charge it is essential, and has the effect as a matter of pleading, to characterize the act complained of as having been done in a manner prohibited by the statute. If the goods when received were not the subject of larceny, the receiving would not have been felonious. Hence the averment of the affidavit and information is equivalent to charging that the defendant received goods which at the time of receiving were stolen goods, that is, goods still under the larcenous taking, and the defendant knew it. This is sufficient. *Kaufman* v. *State,* 49 Ind. 248; *Owen* v. *State,* 52 Ind. 379.

2.   In this State receiving stolen goods, knowing them to have been stolen, is an independent, substantive offense. The particular thing denounced by the statute is the receiving of stolen goods knowingly. In a prosecution for receiving, neither the thief nor the next former possessor is upon trial, and his identity is therefore an immaterial matter. The general rule upon this point is clearly stated in 17 Ency. of Pl. & Pr. page 893, thus: "Where receiving stolen goods is prosecuted as a substantive offense the indictment need not charge the name of the thief or of the person from whom the property was received, nor need it be alleged that the name is unknown to the grand jury". Among the authorities supporting the rule as here announced, see, *Owen* v. *State,* 52 Ind. 379, 382; *Kirby* v. *United States,* 174 U. S. 47, 19 Sup. Ct. 574, 43 L. Ed. 890; *Anderson* v. *State,* 38 Fla. 3, 20 South. 765; *State* v. *Guild,* 149 Mo. 370, 50 S.

W. 909, 73 Am. St. 395; *Commonwealth* v. *Hogan,* 121 Mass. 373; *Allison* v. *Commonwealth,* 83 Ky. 254; *State* v. *Feuerhaken,* 96 Iowa 299, 65 N. W. 299; *Schriedley* v. *State,* 23 Ohio St. 130, 139; *People* v. *Ribolsi,* 89 Cal. 492, 26 Pac. 1082; *State* v. *Murphy,* 6 Ala. 845; Chitty Cr. Law p. 991; Archb. Cr. Pro. & Pl. (Waterman's notes) top p. 656; 2 Bishop New Cr. Pro. §§981, 982. The affidavit and information are sufficient.

II.    While not necessary to allege the name of the thief, or that his name is unknown, yet, if it is alleged, it must be proved, for the identification of the offense.    2 Bishop New Cr. Pro. §982; *Foster* v. *State,* 106 Ind. 272.    The affidavit and information in this case each charge that the name of the thief is unknown to the "affiant", and appellant vigorously insists upon a reversal of the judgment for the reason that there was a total absence of evidence that the thief was unknown to the "affiant."    The State contends that there is no evidence properly before this court.    What purports to be a bill of exceptions containing the evidence expressly shows upon its face that it does not contain all the evidence given in the cause, but that it does contain all the testimony given by four witnesses for the State, which testimony is clearly and specifically certified by the trial judge to be all the evidence given upon the question of knowledge or want of knowledge of the "affiant" as to the identity of the thief, and all the evidence of facts from which the jury might have implied such knowledge or want of knowledge.    It is ably both affirmed and denied that this is a sufficient bill of exceptions under the statute.    But at the root of the proposition rests the graver question, does it make any difference whether the "affiant" did or did not know who the thief was?    An information is the official statement made to the court by the prosecuting attorney that a person has been guilty of some designated felony.    It must be signed by the prosecuting attorney and based upon the affidavit of some competent and reputable person.    §1747 Burns 1901, §1678 R. S. 1881 and Horner 1901.

An indictment is a like official presentation to the court, based upon the testimony of witnesses before the grand jury. The sworn statement in the affidavit is to the information what the sworn testimony of witnesses before the grand jury is to the indictment. It seldom happens that either the grand jury or prosecuting attorney begins a prosecution upon the knowledge of a single witness. And a conviction frequently occurs upon the testimony of several witnesses, each testifying to particular facts which in the aggregate cover the body of the crime. In such case it cannot be doubted that a witness thus knowing enough facts to give rise to a strong probability of guilt is qualified to make the basic affidavit, though not informed on all the essential elements of the offense. It will not be contended that it is necessary in an indictment to allege that the name of the defendant or other necessary person is unknown to the witnesses who testified before the grand jury. There can be no greater reason for alleging in an information the affiant's want of knowledge. When necessary to give names, or an excuse for not doing so, it is the knowledge or the want of knowledge of the body or officer whose duty it is to lodge with the court such information *as it* or he *has* that is required, and not what the witnesses know. *Brooster* v. *State,* 15 Ind. 190. In this case it is not alleged in the information that the name of the thief is unknown to the prosecuting attorney. It was not necessary to allege it, even if true, under the authorities cited. And the averment in the information that the thief is unknown to the "affiant", being wholly immaterial, will be regarded as surplusage.

It follows that if the testimony of the four witnesses is properly in the record, which we do not decide, and that it contains all the evidence given in the cause upon the point sought to be presented, it will serve no useful purpose in this appeal, since it relates to a fact of no importance in the case.

Judgment affirmed.