THE STATE OF CONNECTICUT *vs.* SAMUEL A. ALDERMAN.

Third Judicial District, Bridgeport, October Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The trial court may very properly refuse to set aside a verdict based on conflicting evidence and involving the credibility of witnesses.

Under General Statutes, § 1210, one who is accused of receiving and concealing stolen goods, knowing them to be stolen, may be convicted upon proof that the goods were actually stolen, and that he, with knowledge of that fact, received and concealed them with a felonious intent, although it does not appear who committed the original theft, or that the accused received the goods from one who participated therein.

The presiding judge in a criminal case should state his opinion on all questions of law arising in the trial, and submit to the consideration of the jury both the law and the facts, without any direction how to find their verdict.

Facts assumed and stated in a charge should be supported by the evidence.

The State *v.* Alderman.

The substance of requests to charge which are correct and adapted to the issues should be incorporated in the charge, unless the instructions otherwise given are sufficient for the guidance of the jury in the case before them.

The extent to which the trial judge should discuss the evidence and claims of counsel, or express his own opinion of the natural bearing and tendency of the testimony, in submitting a case to the jury, is generally a matter to be determined by the exercise of his sound discretion.

In the present case the accused introduced evidence of his good moral character and the trial judge, after stating that if a man has acquired a fair and honorable reputation in the community in which he lived, it would be proper that it should count in his favor in his hour of need, instructed the jury that if they believed the accused was guilty beyond a reasonable doubt, they should not hesitate to convict notwithstanding he might theretofore have borne a good name and reputation, although they ought to give due consideration to that fact in weighing the evidence against him. *Held* that this instruction did not justify the criticism of the accused, that it removed from the jury's consideration the question of the good character of the accused in making up their verdict.

Argued October 25th—decided December 16th, 1910.

INFORMATION for theft of copper ingots, brought to the Superior Court in New Haven County and tried to the jury before *Shumway, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*David E. FitzGerald* and *Walter J. Walsh,* for the appellant (the accused).

*John P. Kellogg,* Assistant State's Attorney, for the appellee (the State).

RORABACK, J.   The information contains five counts, each charging the commission of a different offense at Waterbury in 1909.   The record of this case discloses thirty reasons of appeal, one being that the court erred in denying the defendant's motion for a new trial upon the ground that the verdict was contrary to the law and the evidence.   An examination of the evidence reported

shows that there was evidence before the jury which, if believed by them, justified their verdict. It is apparent that there could not have been any serious controversy as to the fact that the property described in the several counts in the information had been stolen. It was also conceded that the accused had purchased this property from one Abraham Bisnovitch. The defendant contended that he had bought it in good faith, and that Bisnovitch, in the ordinary course of business, delivered the goods to him at his usual place of business in the city of New Haven. The controlling fact to be found from the evidence, was the fact of knowledge upon the part of the accused that the property in question had been stolen. Bisnovitch and his son both testified that Alderman, the accused, was informed before the sale was made to him that the goods were stolen property. The testimony upon this subject was in such direct conflict, that, from the facts disclosed by the record, it is apparent the jury, in the rightful exercise of their province of passing upon the credibility of witnesses, might have found against the accused. It was so held by the trial court in denying the motion to set aside the verdict, and therefore error cannot be predicated upon such a decision upon the facts presented in this case. *Burr* v. *Harty*, 75 Conn. 127, 52 Atl. 724, and cases there cited.

Eight of the reasons of appeal embody the proposition that one cannot be held criminally liable under the statute for receiving stolen goods, unless the evidence shows that the property was received by the accused from one who actually participated in the original theft. The copper which was purchased by the defendant in this case was stolen from the cars of the New York, New Haven and Hartford Railroad Company while in its freight yards in Waterbury. No evidence was offered connecting Bisnovitch with the removal of

the stolen property from the possession of the Railroad Company. Section 1210 of the General Statutes provides that "every person who shall receive and conceal any stolen goods or articles, knowing them to be stolen, shall be prosecuted and punished as a principal, although the person who committed the theft be not convicted thereof." The essential elements of this offense are: 1. The property must have been stolen. 2. It must have been received by the accused with the knowledge that it was stolen. 3. It must have been concealed within the meaning of the law. 4. It must have been received and concealed by the accused with a felonious intent. If the intent be honest, of course the offense is not committed. But it is wrongful if the object be to aid the thief, or obtain a reward, or other pecuniary gain from the owner. 2 Wharton on Criminal Law (7th Ed.) § 1891. The offense created by this statute is not in receiving the stolen goods from the thief, or from any other particular person, but receiving and concealing them, knowing them to have been stolen, with an unlawful intent. *State* v. *Kaplan,* 72 Conn. 635, 639, 45 Atl. 1018; *State* v. *Ward,* 49 Conn. 429, 439; May's Criminal Law (3d Ed.) § 324; *Kirby* v. *United States,* 174 U. S. 47, 43 L. Ed. 890, 19 Sup. Ct. Rep. 574. So it is, that if the goods were in fact stolen as alleged in the different counts of the information, and if these goods were received and concealed by the accused with a felonious intent when he knew that they had been stolen, he could be convicted of the crimes charged, even if it were not shown who perpetrated the original thefts, or that the goods were received from a participator in the thefts, or his agent. *State* v. *Wright,* 2 Pennewill (Del.) 228, 45 Atl. 395; *Semon* v. *State,* 158 Ind. 55, 62 N. E. 625.

It is contended that the judge in his charge assumed the existence of material facts unsupported by the evi-

dence; stated the claims of the defendant unfairly; refused to discuss the weight of certain testimony as requested; and invaded the province of the jury by directing them how to find certain facts.

Trial by jury in a criminal case is a trial presided over by a judge, who should state his opinion upon all questions of law arising in the trial, and submit to the consideration of the jury both the law and the facts, without any direction how to find their verdict. General Statutes, § 1516. Facts, if assumed and stated, should be supported by the evidence. The substance of requests to charge which are correct and adapted to the issues, should be incorporated in the charge, unless the instructions otherwise given are sufficient for the guidance of the jury in the case before them. *Berman* v. *Kling*, 81 Conn. 403, 406, 71 Atl. 507. It may or may not be necessary for the court to call the attention of the jury to the facts which the State and the accused claim to have been established; to comment upon the evidence; express an opinion as to its weight; call attention to the evidence adduced; and state to the jury its own opinion of the natural bearing and force of the evidence. The extent to which the court may discuss the evidence in submitting a case to the jury is generally within the sound discretion of the trial judge. *State* v. *Long*, 72 Conn. 39, 43, 43 Atl. 493. Tested by the foregoing principles, there is nothing in the record which indicates that the charge was not a proper one.

Evidence was introduced from which the defendant claimed that in the community where he lived his character for honesty was beyond question. Exception is taken to the charge of the judge as to the effect of this evidence. The judge had made the usual charge as to the presumption of innocence and reasonable doubt, and upon the question of character he also charged the jury as follows: "In criminal cases the character and

reputation of the accused is not an issue. The State has no right to show that any person on trial for a criminal charge has a bad reputation. He may have the worst and lowest of any person in the community, and yet so far as the trial is concerned that fact is not referred to before the jury by the State and cannot be, because the question of the accused's character is not, is supposed to be not in issue, yet at the same time the accused himself has the right to put his character or his reputation in issue before the jury. He may, and does, have the right to bring before you witnesses in the community in which he lives to testify to his good name and reputation in the community. And then, too, evidence of his good character and reputation, if he sees fit to lay it before you, should be considered by you with the other evidence in the case. If a man by a life of rectitude has gained the esteem of those with whom he has been associated, and has thus obtained a fair and honorable reputation in the community in which he lives, it is proper that it should count in his favor in the hour of need. But if you believe that the accused is guilty beyond a reasonable doubt you should not hesitate to convict, notwithstanding that he may have heretofore borne a good name and reputation; nor should you fail to give due consideration to his good reputation, if such he had, when you weigh the evidence against him. But you know without a reminder from me that men of good reputation may do wrong and commit crime, though such men are less likely to do so than those who have no reputation to lose."

This charge did not remove from the consideration of the jury the evidence of good character in its bearing upon the question of the guilt of the defendant. It does not mean that the jury should find him guilty from the evidence in the case other than that pertaining to good character. Taken altogether, the charge

plainly means that if upon the whole evidence, that of good character among the rest, the jury regarded the crime proven beyond a reasonable doubt, then good character could be of no avail to the defendant. This is a correct statement of the law. *Commonwealth* v. *Wilson*, 152 Mass. 12, 14, 25 N. E. 16.

We have carefully considered the other assignments of error pursued in the defendant's brief, and have reached the conclusion that none of them can be sustained.

There is no error.

In this opinion the other judges concurred.