## DAVIS v. STATE OF INDIANA.

[No. 24,696.    Filed March 31, 1926.]

1. INDICTMENT.—*Count in indictment alleging conspiracy to commit a felony by receiving and concealing automobile with knowledge that it had been "unlawfully" taken held sufficient.*— A count in an indictment alleging a conspiracy to commit a felony by unlawfully receiving and concealing an automobile, knowing it to have been "unlawfully" taken, sufficiently informed the defendants of the charge against them, notwithstanding there was no allegation that the automobile had been taken without the owner's consent.  p. 450.

2. INDICTMENT.—*Averment that act was "feloniously" done has the effect of characterizing act complained of as having been done in manner prohibited by statute.*—An averment in an indictment that an act was "feloniously" done has the effect of characterizing the act complained of as having been done in a manner prohibited by the statute.  p. 450.

3. CRIMINAL LAW.—*Overruling motion to withdraw case from jury because prosecutor referred to defendant's failure to testify was reversible error when court made no effort to overcome error by admonishing jury.*—Under the provisions of subdivision 4, §235 of the Criminal Code of 1905, Acts 1905 p. 584, §2267 Burns 1926, a reference in the argument to the fact that defendant had not testified was error, and where nothing was done by the court to overcome the effect of such error by admonishing counsel that his remark was improper or instructing the jury that it was not proper and should not be considered, overruling a motion to withdraw the case from the jury was reversible error.  p. 451.

Davis v. State—197 Ind. 448.

4. CRIMINAL LAW.—*Admission of testimony of the drinking, of intoxicating liquors at a place frequented by persons charged with conspiracy to commit a felony, but at times when defendant on trial was not 'present, was reversible error.*—In a prosecution for conspiracy to commit a felony, the admission of testimony, over objection, relative to the drinking of intoxicating liquors at a place frequented by the conspirators, but at times when the defendant on trial was not present, was reversible error.   p, 452.

5. CRIMINAL LAW.—*Evidence that defendant was intoxicated seven months before commission of crime charged, was inadmissible although witnesses had testified to good character of defendant for honesty and integrity.*—Evidence that defendant was intoxicated seven months before the commission of the crime with which he was charged was inadmissible, although witnesses had testified that defendant's reputation for honesty and integrity was good, as it would not tend to rebut the testimony as to his character and evidence of specific acts is not competent to prove general reputation.   p. 453.

6. CRIMINAL LAW.—*Evidence of specific acts is not competent to prove general reputation.*—Evidence of specific acts is not competent to prove general reputation or character.   p. 453.

7. CRIMINAL LAW.—*Testimony that one conspirator made a certain statement as to part of car being, stolen held admissible in trial of another conspirator charged with conspiracy to conceal an automobile known to have been stolen.*—In a separate trial of one of several persons charged with conspiracy to receive and conceal a stolen automobile, testimony that one of the conspirators had said that part of the car had been stolen was competent on the issue of concealing such car where there was evidence that defendant afterward helped to remove the engine number and to put the car in deep water in a quarry in order to conceal it.   p. 454.

8. CRIMINAL LAW.—*In order to show on appeal that error was committed in admission of evidence which might be competent under any· state of facts, appellant must affirmatively show that such state of facts did not exist.*—In order to show on appeal that an error was committed in the admission of evidence which might be competent under any state of facts, the appellant must affirmatively show that such state of facts as would render it competent did not exist at the time it was introduced.   p. 454.

From the Blackford Circuit Court; *Roscoe D. Wheat,* Special Judge.

Kirby Davis was convicted for conspiring to take and drive away a certain automobile without the consent of the owner and conspiring to receive and conceal an automobile knowing that it had been stolen, and he appeals. *Reversed.*

*Emshwiller & Emshwiller* and *Eichhorn, Gordon & Edris,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant and others were charged by the first count of an indictment with having feloniously conspired with certain other persons "to commit a felony, to wit:   To then and there unlawfully and feloniously, without the consent of the owner take, haul, carry and drive away a certain automobile," describing it, and naming the owner; and he was charged by the second count with having feloniously conspired with the same persons "to commit a felony, to wit:   To then and there unlawfully receive, buy, conceal and aid in the concealment of a certain automobile" of the same alleged description and ownership "knowing the same to have been unlawfully taken."   He was tried separately.   The jury returned a general verdict finding him guilty as charged.   Overruling his motions to quash the second count of the indictment and for a new trial, respectively, are assigned as errors.

The objection urged against the sufficiency of said second count is that it does not charge a conspiracy to conceal, etc., an automobile with knowledge that it had been unlawfully taken "without the consent of the owner."   But while it would be proper for the indictment to so charge, we think the allegation that the defendants "feloniously" conspired "to commit a felony" by "unlawfully" receiving, concealing, etc., an automobile, knowing it to have been

"unlawfully" taken, sufficiently informed the defendants that they were charged with conspiracy to receive, conceal, etc., an automobile taken without the owner's consent. The words charging that they "did feloniously" so conspire "to commit a felony," as described, supply the more formal allegations of an indictment which might more specifically describe the alleged offense. That they conspired to "receive, conceal," etc., could not be felonious unless the automobile so received and concealed had been taken without the consent of the owner. *Kaufman* v. *State* (1874), 49 Ind. 248, 249, 250; *Owen* v. *State* (1876), 52 Ind. 379, 381, 382; *Semon* v. *State* (1902), 158 Ind. 55, 57, 62 N. E. 625. To aver that an act was feloniously done "has the effect, as matter of pleading, to characterize the act complained of as having been done in a manner prohibited by the statute." *Semon* v. *State, supra.* It was not reversible error to overrule the motion to quash.

Appellant did not testify as a witness, and the statute giving accused persons the right to testify expressly enacts that, "if the defendant do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, or in any manner considered by the jury trying the same." §2267 Burns 1926, Subd. 4, §2111 Burns 1914, Acts 1905 p. 584, §235. Appellant had been indicted jointly with ten others, among whom was Rex Schug, but was tried separately. Much of the evidence consisted of testimony relating what Rex Schug had said and done and what had been said and done by other alleged conspirators at his place of business in Hartford City, Indiana, when defendant Davis was not there. Witnesses testified that at the time of the trial Rex Schug was not living in Hartford City, and that they did not know where he then was. After the close of the evidence, an attorney representing the state, speaking of Rex

Schug in his argument to the jury, said: "None of these amiable defendants have taken the stand and testified where he is." An objection to this language being interposed, he added, "other than the defendant now on trial." Nothing was done by the court in the way of admonishing the attorney that such language was improper, or instructing the jury that it was not proper and should not be considered; the court neither saying nor doing anything to indicate to the jury that counsel had no right to use such language in his argument or that they ought to disregard it. The defendant immediately moved that the case be withdrawn from the jury, and then moved that the jury be discharged, but each of his motions was overruled and he excepted. These rulings were erroneous. Counsel for the state had clearly violated a right expressly given to defendant by statute, and on objection being made had added a reference to "the defendant now on trial" which made the allusion to his failure to testify even more emphatic than before. Defendant did not waive the error, but promptly asked for relief by having the submission set aside and the jury discharged. And the court did nothing to cure the error, if, indeed, it were capable of being cured by an instruction or otherwise. *Long* v. *State* (1877), 56 Ind. 182, 186, 26 Am. Rep. 19; *Showalter* v. *State* (1882), 84 Ind. 562, 566; *Blume* v. *State* (1900), 154 Ind. 343, 355, 56 N. E. 77.

Over objections and exceptions by defendant, witnesses were permitted to testify that intoxicating liquor was drunk at Rex Schug's place of business at 4. different times when defendant was not shown to have been present or participating, some of the times being when the witnesses who gave the testimony said he was not there, others when it appeared by inference he could not have been present, and others when no attempt was made to show that he was present,

or participated, or had any knowledge of what was done. It was not shown nor was there any attempt to show that this drinking of intoxicating liquor was in furtherance of the alleged conspiracy to commit either of the crimes charged, or had anything whatever to do with the alleged crimes or the conspiracy to commit them.   It was error to admit this evidence.

As was stated above, defendant did not testify as a witness.    But he called nine witnesses who testified that his reputation for honesty and integrity in 5, 6. the community where he resided was good before and up to the time this indictment against him was returned.   In rebuttal, the state called a witness who testified that defendant's said reputation was bad, and, in answer to further questions, stated that he (the witness) was at the scene of the automobile accident in which defendant was injured in May, 1922, seven months before the automobile described in the indictment was stolen and a full year before it was shown to have been concealed in the stone quarry, and that defendant seemed to be badly hurt.   He was then asked whether or not defendant was intoxicated at that time, and, over an objection and exception, answered that he thought he was.   Such proof of his intoxication did not tend to rebut the testimony that his general character for honesty and integrity was good.   Evidence of specific acts is not competent to prove general reputation. *Griffith* v. *State* (1895), 140 Ind. 163, 39 N. E. 440; *Dunn* v. *State* (1904), 162 Ind. 174, 182, 70 N. E. 521.   And while the fact that defendant had been seen intoxicated could not have any probative value to establish whether or not his general character for honesty and integrity was good or bad, it might be highly prejudicial before a jury.   This evidence should not have been admitted.

A conversation between the witness Locker and Rex Schug after the car in question was stolen and before

it was put into the stone quarry, in which Schug said that part of it had been stolen, was competent on the issue formed by defendant's plea of not guilty to the charge of conspiracy to conceal said car with knowledge that it was unlawfully taken. If the fact that it was a stolen car was being concealed at that time by means of changes made in its structure, and such concealment was finally consummated by acts of defendant and the witness in chiseling off the engine number and sinking the car in deep water in the stone quarry, as this witness testified, anything said by a party to the conspiracy before its final consummation was admissible against all parties thereto. And the direct testimony of Locker that defendant Davis afterward helped to remove the engine number and put the car in the quarry in order to conceal it justified the admission of this evidence. *Card* v. *State* (1886), 109 Ind. 415, 418, 9 N. E. 591.

The admissibility of testimony that the next Sunday after the car had been concealed in the stone quarry, Rex Schug told the witness, Locker, to report the car to the highway policeman as stolen, is not clear. But, so far as appellant's brief has pointed out, carrying that report to the officer may have been part of the plan to conceal the car in question, by inducing persons who otherwise might search for stolen automobiles to believe that this one had been driven away out of the neighborhood. In order to show on appeal that an error was committed in the admission of evidence which might be competent under any state of facts, appellant must make it affirmatively appear that such a state of facts as would render it competent did not exist at the time it was introduced. Appellant's brief does not show this evidence to have been inadmissible.

The judgment is reversed, with directions to sustain defendant's motion for a new trial.

## DISSENTING OPINION.

WILLOUGHBY, J. (dissenting.)—The second count of the indictment charges that the appellant with certain other persons named therein, conspired to commit a felony to wit: to then and there unlawfully receive, buy and conceal and aid in the concealment of a certain automobile, knowing the same to have been unlawfully taken.

The felony attempted to be charged as the purpose of the alleged conspiracy described in the second count of the indictment is defined by §2460 Burns 1926, §2301c Burns' Supp. 1921, Acts 1921 p. 494.  Section 1 of that act provides that, whoever unlawfully without the consent of the owner takes, hauls, carries or drives away any vehicle, automobile, car truck, aeroplane or airship, operated by electricity or steam explosive power, or any accessory or appurtenance contained in, on, or forming a part thereof, of the value of twenty-five dollars, or more, or whoever receives, buys, conceals, or aids in the concealment of such or any one or more of such, knowing the same to have been taken, shall be guilty of the crime of vehicle taking, and upon conviction thereof, shall be imprisoned in the state prison not less than three years nor more than five years and be disfranchised and rendered incapable of holding any office of trust for any determinate period to which may be added a fine of not less than $100 nor more than $5,000.

This count of the indictment is insufficient in that it does not charge that the defendants conspired to receive, buy, conceal, aid in the concealment of the automobile, knowing the same to be unlawfully taken without the consent of the owner.

In *Hinshaw* v. *State* (1919), 188 Ind. 147, it is held that all the elements of the felony which is the purpose and object of the conspiracy must be alleged so directly and positively that the defendant may know what he has to meet and that the court may readily see what felony is purposed, and know how to limit the evidence. Indictments must be particular and specific enough in their charges that the grand jury may not base an indictment on evidence of one crime and the petit jury base a verdict on evidence of another crime.    An indictment must be so plain that an acquittal or conviction can be pleaded in bar of a subsequent prosecution for the same offense.

In *State* v. *McKinstry* (1875), 50 Ind. 465, the court held that an indictment under such statute, charging a combination unlawfully to prevent the course of justice, and secure the acquittal of a certain person charged with a criminal offense, is insufficient, though perjury is shown to be the means by which it was proposed to accomplish the purpose.

In *Landringham* v. *State* (1874), 49 Ind. 186, it is held that the averments of an indictment for combining to commit a robbery should be as specific and full in describing the robbery as in an indictment for that felony and to charge a combining for the purpose of taking from the person forcibly and feloniously is not sufficient, but it is necessary also to allege that it was to be done "by violence" or "putting in fear."

In *McLaughlin* v. *State* (1873), 45 Ind. 338, the court held that the legislature has not the power to dispense with such allegations in an indictment as are essential to reasonable particularity and certainty in the description of the offense.

In *Williams* v. *State* (1919), 188 Ind. 283, the court said: "This court has consistently held that an indictment, as here in question to be good as against a mo-

tion to quash, must not only state facts showing the conspiracy, but also charge the felony with the same particularity as though the accused were to be tried for the felony alone." The crime being a conspiracy to commit a felony the purposed felony must be charged as specifically as though the defendant were on trial for that felony. *Williams* v. *State, supra; Hinshaw* v. *State, supra; Green* v. *State* (1901), 157 Ind. 101; *Barnhart* v. *State* (1900), 154 Ind. 1.77.

By §1, Acts 1921 p. 494, *supra,* the offense of vehicle taking is described and the punishment fixed for. the commission of such offense. In order to convict a person of the felony described in this section every essential element of the offense must be alleged and proved. One. of the essential elements of the offense is that the taking shall be without the consent of the owner.

This defect in the indictment renders it insufficient to withstand the motion to quash. The motion to quash should be sustained.