### STATE OF CONNECTICUT v. ALIX COHN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 10-3603

Argued August 17—decided December 10, 1962

*Conway, Horwitz & Tamborra,* for the appellant (defendant).

*Eli L. Cramer,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was found guilty of receiving and concealing stolen goods in violation of § 53-65 of the General Statutes. He has appealed, assigning as error the conclusion of the court in its legal construction of the statute, and the finding that on all the evidence the defendant was guilty beyond a reasonable doubt.

The case was tried solely on a stipulation of facts which substantially recited the following: Certain antiques and other articles were stolen from the Fitzgerald home about January 19, 1962. Thereafter, the thieves sold some of the articles to the defendant for $25. The defendant did not question the sellers and did not know that the goods were stolen. On January 21, 1962, a state police trooper interrogated the defendant at his place of business concerning the stolen articles, and the defendant denied any knowledge of them, of the theft, or of the identity of the persons involved. Thereafter, the defendant called one of the sellers, informed him of the police investigation and told him to have the articles removed. This was done, and the money paid was not returned to the defendant.

We refer to the court's memorandum of decision to determine the conclusions supporting the judgment. See *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 622. The court found that when the defendant came into possession of the goods he was not aware that they had been stolen, that after he had knowledge of that fact he concealed them feloniously within the definition of the statute, and that therefore he was guilty of the crime of concealment.

Our statute does not deal with two separate offenses, one of receiving, the other of concealing, stolen goods. Only one crime is proscribed: that of receiving and concealing stolen goods, knowing them to be stolen. Without guilty knowledge at the time the goods were received, there can be no conviction under the statute. "The offense created by this statute is not in receiving the stolen goods from the thief, or from any other particular person, but receiving and concealing them, knowing them to have been stolen, with an unlawful intent [citing cases]." *State* v. *Alderman,* 83 Conn. 597, 600. The rule has been recently restated in *State* v. *Fredericks,* 149 Conn. 121, 124. See also *State* v. *Pambianchi,* 139 Conn. 543, 546; *State* v. *Newman,* 127 Conn. 398, 400. The court has found lack of such guilty knowledge on the part of the defendant and therefore the judgment cannot stand.

Although it is often desirable, in expediting the trial of cases, to reduce inquiry into disputed facts by a resort to well-considered stipulations, there are few occasions in criminal prosecutions where this can be done with fairness and justice to the accused and the state alike. Intent or knowledge is an essential element in many such cases, and rarely can that be established except indirectly or by inference from other proved facts and circumstances, as developed through evidence. See *State*

v. *Heno,* 119 Conn. 29, 32; *State* v. *Weiner,* 84 Conn. 411, 415, 417. The stipulation filed in the trial court was merely a substitute for the regular legal evidence of the facts stated in it. *Phoenix Ins. Co.* v. *Carey,* 80 Conn. 426, 434. Neither the stipulation nor the memorandum of decision nor both of them constituted a finding of facts such as is ordinarily required. General Statutes §§ 51-263, 51-265; Cir. Ct. Rules 7.21.1, 7.22.1, 7.30.2, 7.30.3. In this case, however, the memorandum of decision became a part of the record on appeal. Cir. Ct. Rule 7.30.1. Where error appears on the face of the record, or the appeal is based on a general assignment of error as to the ultimate finding of guilt, no finding is necessary. Cir. Ct. Rules 7.13.1, 7.31.1. We consider that the appeal has been properly presented.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion JACOBS and GEORGE, Js., concurred.