Pearson, J.
 

 The defendant was convicted upon the fifth and sixth counts in the bill of indictment; and the case is here upon a motion in arrest of judgment. The fifth count was abandoned by the Attorney General; and the question is, upon the sixth count.
 

 A receiver of .stolen goods is made an accessory by the statute of Ann ; and it is provided, by another section oí that statute, that, if the principal felon escapes, and is not amenable to the process of the law, then sucli accessory may be indicted, as tor a misdemeanor. This statute was so construed as to require, in the indictment for a misdemeanor, an averment that the principal- felon was not amenable to the process of the law. Foster, 373. Our statute, Rev. Stat. ch. 34, sec. 53 and 54, is taken from the statute of Ann, and has received a similar construction.
 
 Groff’s
 
 case, 1 Mur. 270, and see the remarks of Hendek-son, Judge, in
 
 Good’s case,
 
 1 Hawks, 463.
 

 The objection taken to the indictment, is, the absence of an averment, that the principal felon is not amenable to the process of the law ; and it is insisted, that, as the
 
 *340
 
 principal felon is alleged to be some person to the jurors unknown, it could not be averred that he had “ escaped and eluded the process of the law,” in the words used by our statute, and it was urged, that the statute did not apply to a case of the kind.
 

 The Attorney-General, in reply, took the position, that the averment, that the principal felon was some person to the jurors unknown, necessarily included, and amounted to an averment, that he had escaped and eluded the process of the law, so as not to be amenable to justice. This would seem tobe so; but we give no definite opinion, because there is another defect in the count, which is clearly fatal.
 

 After averring, that the cotton and tar had been stolen by some person to the jurors unknown, the indictment proceeds : ‘‘ Afterwards, &c., the said Josiah Ives, the said bale of cotton, and the said barrel of tar, feloniously did have and receive, well knowing the said bale of cotton and barrel of tar, to have been theretofore feloniously stolen,” &c. There is no averment, from whom the defendant received the cotton and tar. We cannot imply, that he received them from the person who stole them. It may be, that he received them from some third person; and this ■question is presented í A. steals an article, B. receives it, and C. receives it from B. Does the case fall within the .statute? We fhink not. The statute obviously contemplates a case, where goods are received from the person who stole them — he is termed the principal felon. In the case put above, A. is the principal felon, B. is his accessory, but
 
 C.
 
 is a receiver
 
 from a
 
 2-eceiver — an accessory of an accessory. In-fact, it cannot be said, whether A. or B. is the principal felon in regard to him.
 

 The statute does not provide for such a case. It makes the
 
 receiver an accessory,
 
 and in case the principal is not amenable to the process of law,
 
 such accessory
 
 may be
 
 *341
 
 prosecuted as for a misdemeanor. Consequently, it is necessary to point out the principal, and the matter is involved in the doctrine of “ principal and accessory.” This and many other omissions are, in England, remedied by the statutes, Will. III. and Geo. II., by which
 
 ‘‘the act of receiving” is
 
 made a substantive felony, without reference-to the person who stole, or the person from whom the' goods are received. Under those statutes, the fifth count, which the Attorney-General has properly abandoned, would be good: for, the offence is to “receive and have ” stolen goods. We have not adopted those statutes. Of course tbe decisions and forms in the modern English books cannot aid us.
 
 Duncan’s
 
 case, 6 Ired. 98, presents another instance, to provide for which we have no statute.
 

 Per Curiam, Judgment below reversed, and judgment arrested.