GRANZOW v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1919.)

No. 5287.

1. WAR ☞4—ESPIONAGE ACT; IMPEACHMENT OF ADMINISTRATION OF RED CROSS.

As the Red Cross, though not a part of the military and naval forces, worked during the World War as an auxiliary to such forces, an interference with the Red Cross by the utterance of remarks which would shake public confidence in its administration, and thus reduce contributions, is a violation of Espionage Act June 15, 1917, where the remarks were made with such intent.

2. CRIMINAL LAW ☞400(6), 419, 420(12)—ADMISSION OF FINANCIAL STATEMENT OF RED CROSS IN PROSECUTION FOR VIOLATING ESPIONAGE ACT BY ATTACKING THAT SOCIETY.

As the Red Cross is a national corporation, required by Act Jan. 5, 1905, c. 23, § 6 (Comp. St. § 7702), to file annual reports with the Secretary of War, a financial statement sent to a county chairman of the Red Cross committee from the general office of the society is not admissible in a prosecution for violating the Espionage Act, by attacking the Red Cross, the identifying witness having no knowledge of truth of report, it being simple for the prosecution to obtain a copy of the official report, and the hearsay rule will not be relaxed in such a case.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Fred A. Granzow was convicted of a violation of the Espionage Act of June 15, 1917, and he brings error. Reversed.

J. E. E. Markley, of Mason City, Iowa (J. E. Williams, of Mason City, Iowa, on the brief), for plaintiff in error.

F. A. O'Connor, U. S. Atty., of Dubuque, Iowa (Seth Thomas, Asst. U. S. Atty., of Ft. Dodge, Iowa, on the brief), for the United States.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. Error from conviction on two counts for violation of the Espionage Act of June 15, 1917 (40 Stat. 217, c. 30). The sentences were concurrent, except as to a fine assessed under the first count.

As to count 1, plaintiff in error contends, first, that the evidence was insufficient upon the element of intent; and, second, that an exhibit (A) showing expenditures of the Red Cross was improperly admitted, because it was hearsay, and not the best evidence, not being a governmental publication.

As to count 2, the claims are, first, that there was no sufficient evidence of "obstruction" of the recruiting or enlistment service of the United States; and, second, that the evidence of those hearing the statement as to its effect upon them was improperly excluded.

[1] There were also urged exceptions to the definition of "willfully," as contained in the charge of the court, and to a portion of the charge that an interference with the Red Cross would be an interfer-

ence with the operation of the military and naval forces, within the meaning of the Espionage Act.

There was sufficient evidence of intent to authorize submission on that point under count one. While the Red Cross is not itself within the term "military and naval forces," as used in the statute, yet to cripple the Red Cross as operated in this war is to interfere with such forces. One effectual way of crippling the Red Cross is to destroy confidence in its administration, and thus reduce its income through the usual source of voluntary contributions. These statements of defendant were calculated to have that effect, would certainly do so if believed by those who heard them, and it was proper for the jury to say with what intent they were made.

[2] Exhibit A was improperly admitted. This was a report by the American Red Cross Society to the public of its war work as of March 1, 1918. It purported to contain the financial statement of that organization for the fiscal year ending March 1, 1918. The portion offered covered the financial statement, personnel of the officers, and references to relief work done in France. Identification for purposes of introduction was sought to be made by the chairman of a Red Cross committee for Webster county, Iowa, who testified that it had been sent to him from the general office of the society. Proper objection was made to the offer upon this identification. The Red Cross is a national corporation, and its services, volunteered, have been used during the war virtually as an auxiliary to the armed forces. The statute of incorporation (Act Jan. 5, 1905, c. 23, § 6, 33 Stat. 602 [Compiled Stat. of 1916, § 7702]) requires annual reports by such society to the Secretary of War, who audits the same, transmitting a copy to Congress. This report is required to contain an itemized report of receipts and expenditures. The report offered was not of this character, and came from no official source. When a report from a proper official source was so readily and easily obtainable by the United States attorney, there is no reason to relax the usual and well-known rule against hearsay evidence. The witness here did not claim to know anything concerning the truth of the matters shown by the report; no one connected with its preparation or the statements it contained was offered. There was no foundation whatsoever laid for its introduction. Both sides regarded it as important testimony. Its admission under the above circumstances was clearly error.

As to count 2 the court erred in striking out the testimony of the witnesses who heard the remarks covered by this count. The statute does not make it a crime to intend to obstruct, or to attempt to obstruct, but to intentionally obstruct. Where the utterance is calculated to result in obstruction, and is uttered under conditions which would naturally so result, there is a presumption that such a result followed, but that presumption is rebuttable.

Without considering the other assignments, the judgment should be and is reversed.