## WHITE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 11, 1921.)

No. 206.

**Larceny** ⟐⟐32(2)—**Receiving stolen goods** ⟐⟐7(5)—**Indictment for larceny of goods in interstate commerce held sufficient, although not alleging ownership.**

An indictment under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for stealing goods which were part of an interstate shipment, and for having goods so stolen in possession, *held* sufficient, where it described the goods, alleged that they were in interstate transit, and gave the name of the consignee and the locality of the offense, though not alleging the ownership of the goods.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Patrick White and William Smith. Judgment of conviction, and defendants bring error. Affirmed.

The indictment was in two counts under the Act of February 13, 1913 (37 Stat. 670 [Comp. St. § 8603]), declaring that whoever shall "steal or unlawfully take, carry away, or conceal * * * from any railroad car, station house * * * [or] depot * * * with intent to convert to his own use any goods or chattels * * * which are a part of or which constitute, an interstate or foreign shipment of freight or express, or shall * * * have in his possession any such goods or chattels, knowing the same to have been stolen," shall be fined or imprisoned or both.

The first count was for stealing, and the second for unlawfully having in possession, certain goods "stolen from a freight car in the New York Central Railroad yards, foot of Ninety-Eighth street and Hudson river, New York, N. Y., while moving in interstate commerce from Penacook, N. H., to New York, N. Y., consigned to E. H. Van Ingen, Twenty-First street and Fifth avenue, New York, N. Y."

Defendants below, having been convicted on both counts, took this writ.

Frederick J. Groehl, of New York City (Elijah N. Zoline, of New York City, of counsel), for plaintiffs in error.

Francis G. Caffey, U. S. Atty., of New York City (John E. Joyce, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). No bill of exceptions having been settled, we have nothing before us but the judgment roll, and the only point urged for reversal is that no count in the indictment states an offense against the United States. The substance of argument is that the act under which this indictment was found "extends the crime of larceny to interstate shipments"; wherefore it is urged that no indictment can be good that does not respond to the common-law tests for a good count in larceny.

One of such tests is said to be that the name of the owner of the stolen goods must be given, if it be not alleged that the true name of

the actual owner or bailee was to the grand jurors unknown. For this proposition some support is thought to be found in Thompson v. United States, 256 Fed. 616, 167 C. C. A. 646, of which case it is enough to note that the indictment there considered was under Criminal Code, § 47 (Comp. St. § 10214), which punishes (inter alia) stealing "property of the United States." It was therefore held that allegation and proof were necessary that that which was stolen did belong to the United States.

The act of Congress on which this indictment is based does much more than extend the crime of larceny to interstate or foreign shipments. If that were all the act attempted, it would be wholly unnecessary; for no one can doubt that the crimes of larceny, robbery, or the like can as well be performed upon goods traveling from one state to another as upon those in their owner's warehouse, or on such owner's person, and such crimes could be and have been punished under state laws.

The essential object of this statute is to create, define, and punish the offense of abstracting or unlawfully having in possession goods while in interstate or foreign transit, and thereby interfering with interstate or foreign commerce. Under such a statute both counts of this indictment are sufficient, in that they describe the goods, specifically allege that they were in interstate transit, and give the name of the consignee and the locality of the offense.

Kasle v. United States, 233 Fed. 878, 147 C. C. A. 552, and Bloch v. United States, 261 Fed. 321, are sufficient authority for the indictment at bar.

Judgment affirmed.