## REINEKE et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 3, 1922.)

No. 5618.

1. **Criminal law ⚖️444—Records held erroneously admitted without proper foundation.**

In a prosecution for larceny from a railroad car and having in possession the alleged stolen property, papers of the consignor, identified by one in charge of its shipping department as made in the regular course of business under his general supervision, who did not see the work done, nor the entries made, were erroneously admitted in evidence, where the absence of the employee who made the records and who did the work recorded on the sheets was unexplained, except by a statement of counsel that he could not be found.

2. **Criminal law ⚖️419, 420(12), 444—Railroad records held hearsay, and erroneously admitted without proper foundation.**

In prosecution for larceny from railroad car and possession of stolen property, where agent of railroad was called as witness and shown a certain paper, which he said was the original bill of lading issued to the consignor for the contents of the car from which property was claimed to have been stolen, such bill of lading was erroneously offered in evidence without further identification, and was clearly hearsay.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

H. J. Reineke and another were convicted of larceny from a box car and having the stolen property in possession, respectively, and bring error. Reversed and remanded.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error Reineke.

Eustace C. Wheeler, Asst. U. S. Atty., of St. Louis, Mo. (James E. Carroll, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. The indictment in this case is based upon the Act of Congress of February 13, 1913 (37 Stat. 670 [Comp. St. § 8603]), which, so far as applicable, reads:

" * * * Whoever shall steal or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any railroad car, station house, platform, depot, steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as, or which are a part of or which constitute, an interstate or foreign shipment of freight or express, or shall buy, or receive, or have in his possession any such goods or chattels, knowing the same to have been stolen, * * * shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both."

The indictment contains two counts. The first count charges the defendants with the larceny from a railroad box car No. 23540, initialed S. A. L., of certain automobile tires which were a part of an interstate shipment of freight. The second count charges that the defendants had in their possession the said automobile tires knowing them to have been stolen.

The defendant Lockett was convicted by the jury upon the first count and acquitted by direction of the court upon the second count. The defendant Reineke was convicted by the jury upon the second count and acquitted by direction of the court upon the first count.

The sufficiency of the counts of the indictment was challenged in the court below and is challenged in this court upon various grounds. It will serve no useful purpose to enter into any extended discussion of these various objections. It suffices to say that under the recent decisions of the courts we think the counts of the indictment sufficient. Kasle v. United States, 233 Fed. 878, 147 C. C. A. 552; Bloch v. United States (C. C. A.) 261 Fed. 321; Fleck v. United States (C. C. A.) 265 Fed. 617; Rosen v. United States (C. C. A.) 271 Fed. 651; White v. United States (C. C. A.) 273 Fed. 517; Freedman v. United States (C. C. A.) 274 Fed. 603; Trope v. United States (by this court, decided October 21, 1921) 276 Fed. 348.

[1] The automobile tires referred to in the indictment were alleged to be a part of an interstate shipment by the Goodyear Tire & Rubber Company from Akron, in the state of Ohio, to St. Louis, in the state of Missouri. To prove that the tires stolen from the railroad car described in the indictment were a part of an interstate shipment, the government called an employee of the Goodyear Company, of Akron, Ohio, who testified that he had charge of the shipping department of this company. He identified certain papers which came from the files of his office as having been made in the regular course of business, under his general supervision. He did not see the work done of which the papers purported to be a record, nor did he see the entries made which appear on the papers. The absence of the employee who made the records and who did the work recorded on the sheets was unexplained, except by a statement of counsel for the government that he could not be found. On this showing the papers were introduced in evidence over the objection and exception of the defendants. These papers are a record of the loading of car No. 23540, initialed S. A. L., with certain Goodyear automobile tires.

[2] An agent of the Baltimore & Ohio Railroad Company, employed

at East St. Louis, was called as a witness and shown a certain paper, which he said was the original bill of lading issued by the Baltimore & Ohio Railroad Company at Akron, Ohio, to the Goodyear Tire & Rubber Company for the contents of car No. 23540. This bill of lading, without further identification, was offered and received in evidence, over the objection and exception of the defendants. It described car No. 23540, initialed S. A. L., and gave its contents as certain packages of automobile tires, with other goods.

We are of opinion that no proper foundation was laid for receiving these papers in evidence. They were clearly hearsay, and, as we think, prejudicial to the rights of the defendants. Crowell Brothers v. Panhandle G. & E. Co. (C. C. A.) 271 Fed. 129; Granzow v. United States (C. C. A.) 261 Fed. 172; Phillips v. United States, 201 Fed. 259, 120 C. C. A. 149; Ency. Ev. vol. 2, p. 868.

We find no other error in the record, but, on account of the errors above mentioned, the judgment must be reversed, and the case remanded to the court below, with direction to grant the defendants a new trial.

It is so ordered.

HOOK, Circuit Judge, participated at the hearing of this cause, but died before a conclusion was reached and the opinion was prepared.