## STEMPLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 28, 1924.)

No. 2234.

Receiving stolen goods ⬦8(1)—Immaterial from whom goods were received.

In a prosecution under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for having possession of goods stolen from an interstate shipment, knowing the same to have been stolen, it is immaterial from whom the goods were received, and it need not be proved that they were received from the person who stole them or his agent.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Criminal prosecution by the United States against Camden A. Stemple and Walter Mitchell. Judgment of conviction, and defendants bring error. Affirmed.

William T. George, of Philippi, W. Va., for plaintiffs in error.

T. A. Brown, U. S. Atty., and H. S. Boreman, Asst. U. S. Atty., both of Parkersburg, W. Va., and Russell L. Furbee, Asst. U. S. Atty., of Mannington, W. Va.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiffs in error were defendants below and will be so styled here. The first conviction for possessing goods stolen from an interstate shipment, knowing them to be stolen, was set aside for reasons stated in our opinion reported in 287 Fed. 132. They have had the new trial they were there granted, and have been again convicted. They assign as error the refusal of the court below to give the jury two instructions requested by them.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In each of these, they asked that the jury should be told, among other things, that they could not be convicted unless they received the goods from the person who stole them or from his agent. Such was once the law governing prosecutions for receiving stolen goods and in some jurisdictions it doubtless still is. Bishop's New Criminal Law, §§ 699, 1140; Wharton's Criminal Law, § 1237; Clark's Hand Book on Criminal Law (2d Ed.) 328; Commonwealth v. White, 123 Mass. 430, 25 Am. Rep. 116. The early English statutes punished a receiver of stolen goods as an accessory to the thief. It was therefore held that the offense had not been committed unless the accused had received the stolen property from him who stole it. State v. Ives, 35 N. C. (13 Ired.) 338. In England, Parliament long ago swept this rule aside. Regina v. Reardon and Bloor, 10 Cox, C. C. 241. In many states the local statutes have been held to negative its existence. State v. Alderman, 83 Conn. 597, 78 Atl. 331; Smith v. State, 59 Ohio St. 351, 52 N. E. 826; Levi v. State, 14 Neb. 1, 14 N. W. 543, 39 Cyc. 518.

It is logically inconsistent with that overwhelming weight of authority which holds that an indictment for receiving stolen goods need not allege either the name of the thief or that such name was unknown to the grand jury. It is not applicable to the federal statute punishing the receiving of property stolen from the United States. The Supreme Court has said:

"If the stamps were in fact stolen from the United States, and if they were received by the accused, no matter from whom, with the intent to convert them to his own use or gain, and knowing that they had been stolen from the United States, he could be found guilty of the crime charged, even if it were not shown by the evidence from whom he received" them. Kirby v. United States, 174 U. S. 47, 63, 19 Sup. Ct. 574, 580 (43 L. Ed. 890).

All this discussion has little relevancy to the instant case. The act of Congress under which the defendants were indicted forbids the possession of stolen goods, knowing them to be stolen. Given criminal intent, it is immaterial how that possession was obtained. Bloch v. United States (C. C. A.) 261 Fed. 325.

The other errors here assigned have been considered, but in our view none of them is sufficiently substantial to require discussion.

Affirmed.

⚷⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes