# HADSELL v. UNITED STATES

S F.(2d) 989

---

## HADSELL et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 9, 1925. Rehearing Denied November 30, 1925.)

No. 4584.

Receiving stolen goods ⬤=7(5)—Offense charged, though railroad company, alleged to have possession, did not have a line between named points.

Indictment, under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for receiving goods stolen from an interstate shipment while traveling between two named points in a certain car, which contains the essential averments of the elements of the offense as defined in the statute, and gives sufficient information to meet the charge, does not fail to charge an offense, though railroad company, in whose possession the goods were charged to have been when stolen, did not then own or operate a railroad between the points named; that not being material to the offense.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Criminal prosecution by the United States against Archie Louis Hadsell and Clinton C. Coghlan. Judgment of conviction, and defendants bring error. Affirmed.

Archie Louis Hadsell and Clinton C. Coghlan, in pro. per.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Writ of error to review a conviction under two counts of an indictment which charged violation of section 1, Act February 13, 1913, 37 Stat. 670 (Comp. St. § 8603), to punish the unlawful stealing of freight packages or articles in process of transportation in interstate shipment and the felonious possession or reception of the same.

Count 2 charged that defendants did unlawfully have in their possession certain described automobile tires, which had theretofore been feloniously stolen from a certain numbered and described railroad car while said car was traveling between Watsonville Junction, in Monterey county, Cal., and Oakland, Alameda county, Cal., the said car and the said goods therein contained constituting a part of an interstate shipment of freight consigned from a named consignor and in transit from Akron, Ohio, to a named consignee in San Francisco, Cal., and which automobile tires in said car, at the time the tires were stolen, were in possession of the Western Pacific Railroad Company, a common carrier; the defendants then and there at the time of so having the tires in their possession as aforesaid, well knowing said tires to have been stolen as aforesaid.

Count 4 charged that at Oakland, Cal., defendants had certain cigarettes in their possession, which cigarettes had been feloniously stolen from a certain railroad car while the said car was traveling between Watsonville Junction and San Francisco, Cal., the said goods constituting a part of an interstate shipment of freight consigned to and in transit from New York to a consignee in San Francisco, which, at the time the cigarettes were stolen, was in the possession of the Southern Pacific Company, a common carrier; the defendants and each of them, at the time of having said cigarettes in their

possession, well knowing they had been stolen as aforesaid.

Defendants base their contention that no offense is stated in count 2 of the indictment upon the assertion that at the time charged in the indictment the Western Pacific Railroad Company did not own or operate a line of railroad connecting Watsonville Junction and Oakland, Cal. But the material question was not whether the Western Pacific owned or operated a line of railroad between the points named, but whether the tires were stolen from the car described while being moved between the places named, and whether such tires constituted articles of an interstate shipment in transit between Akron, Ohio, and San Francisco, Cal., and whether defendants had the tires in their possession, and whether they received them, knowing they had been stolen. Similar questions were also material, under the allegations pertaining to the cigarettes, described in count 4. Ownership of the railroad was not a material matter.

As the indictment contained the essential averments of the elements of the offense as defined by the statute, it gave to defendants sufficient information to meet the charge. Bloch v. United States (C. C. A.) 261 F. 321; Rosen v. United States (C. C. A.) 271 F. 651.

This disposes of the only point presented by the record and requires affirmance of the judgment.

Affirmed.