## REGER v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
December 30, 1929.

No. 118.

Robert D. Charlton, of Denver, Colo. (Lewis De R. Mowry, of Denver, Colo., on the brief), for appellant.

Charles E. Works, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Atty., of Denver, Colo., on the brief), for the United States for appellee.

Before LEWIS, COTTERAL, and Mc-DERMOTT, Circuit Judges.

COTTERAL, Circuit Judge. The appellant complains of error in his conviction and sentence upon two informations charging him with the manufacture and possession of whisky, on July 22, 1928, at the Regini

Ranch, in El Paso county, Colo. The assigned errors are grouped and discussed as arising from the refusal of an instruction on the presumption of innocence, the admission of evidence, particularly Exhibit C, and the insufficiency of the evidence to sustain the convictions.

1. The trial court instructed the jury fully and accurately upon the burden of proof and the requirement of circumstantial evidence to warrant conviction. In that connection it was said, "The defendant does not have to prove his innocence." When the charge was concluded, and the court inquired as to exceptions, counsel for the defendant said, "I think you overlooked the presumption of innocence"; and the court added: "The government must prove the defendant guilty beyond a reasonable doubt. I think I covered that. If there are no other exceptions the bailiffs may be sworn and the jury retire." Nothing further was said or occurred. The words quoted from the charge were in our opinion insufficient to inform the jury, as should have been done, that the presumption of innocence in favor of the accused must be overcome by the evidence. The instruction on reasonable doubt was not an equivalent and left the charge incomplete in an important respect. Coffin v. United States, 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481; Holt v. United States, 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; Dodson v. United States (C. C. A.) 23 F.(2d) 401. But no exception was in fact taken to the charge. There is no foundation, therefore, for the error assigned, which would have been otherwise available. De Bellis v. United States (C. C. A.) 22 F.(2d) 948; Sawyear v. United States (C. C. A.) 27 F. (2d) 569.

2. There was ample and undisputed evidence of the commission of the two offenses at the Regini ranch. Officers who made the raid found there a windmill, house, and shed, and near by a large still with the fire just turned off containing mash, tanks of mash and water, empty kegs, cooling pipes, sugar, yeast, twelve five-gallon kegs of whisky, and whisky in a vessel under a spout from the still. Martin, a codefendant, who was acquitted, and one Mastriano were apprehended as they ran away. The issue in the case as submitted to the jury was whether Reger was guilty of the offenses as a party by aiding or abetting in their commission.

Exhibit C, if sufficiently traced to the defendant, was valuable evidence tending to establish his guilt. The officers found groceries, notebooks, and bills for groceries at the ranch house. In a cupboard, they discovered the exhibit in question, consisting of bills in three sheets, purporting to be for groceries, bearing the name "Reger." One of the proprietors of Miller's Groceteria testified to the practice at the store of asking the names of customers, writing them upon the receipted bills, and delivering them with the groceries. In that way, he wrote the name "Reger" on one of the sheets of this exhibit and a clerk wrote the other two, but he was unable to identify the defendant as the purchaser. There was no contrary or explanatory evidence on the subject. Ella Gumble, who was also a defendant but not tried, and who was at the ranch house at the time of the raid, testified she was employed as cook there by the defendant, at $10 a week, had cooked there for two weeks, and was paid by him for her services. She stated that he had been once at the ranch, that after her arrest he asked her if any of the grocery lists bore his name, and that after the raid her conversation with him was "she was not supposed to say that he owned the place or anything."

We regard this foundation as amply sufficient to admit the exhibit and the like evidence. It is not an instance of finding at the scene of an offense a paper merely bearing a defendant's name, which might occur through design of an offender to exculpate himself or inculpate another. The citations relied upon by appellant are readily distinguished, notably Reineke v. United States (C. C. A.) 278 F. 724, and Beck v. United States (C. C. A.) 33 F.(2d) 107. In the former the theft and possession of an interstate shipment were sought to be shown by papers from the shipper's office and a bill of lading, without proof of the execution of either; and they were ruled to be hearsay and prejudicial. In the latter case, there was no proof of the signing or mailing of the letters essential in a mail fraud prosecution. The prior possession of the exhibit in this case by the defendant was requisite. It was sufficiently established to admit the instrument.

3. We have examined the evidence, and our conclusion is it was sufficient to justify the submission of the cause to the jury. There was evidence in addition to that already noticed. It was shown that an officer following the defendant had seen him driving a Chevrolet truck bearing a tank, which he later found at the raid to be a part of the still equipment. Ella Gumble testified to the hauling of whisky from the ranch in a Chevrolet truck. When such a truck was being repaired by the defendant and another, it was found loaded with whisky on the night of

July 21, 1928, and a coat taken from the seat of that truck contained a number of automobile license cards bearing defendant's name. There was testimony that prior to the trial defendant took Ella Gumble to the office of an attorney, where her affidavit was taken declaring she did not know whether he had anything to do with the still, and she never saw him at the ranch. We conclude the evidence was sufficient to justify a verdict that the defendant had a responsible part in the production and possession of whisky at the Regini ranch.

It is our opinion that the judgments of the District Court should be, and they are accordingly, affirmed.