## GORAT v. UNITED STATES.
### No. 9502.

Circuit Court of Appeals, Eighth Circuit.

Oct. 7, 1932.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard and Paul J. Garrotto, both of Omaha, Neb., on the brief), for appellant.

Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Edson Smith, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

Appellant was convicted on four counts of an indictment, two of which charged as subsequent offenses sales of intoxicating liquor, one charged illegal possession, and one charged maintenance of a nuisance. Appellant was given a jail sentence of five months on each count, the same to run concurrently, and on one count in addition to the jail sentence was fined $500.

The main alleged errors were in the introduction of certain invoices purporting to be for corks, bottles, flasks, etc., found at the time of the arrest of a codefendant, Paysen, in the place claimed to be a common nuisance, error in the court permitting federal prohibition agents to testify as a fact that liquids seized were undenatured grain alcohol used for beverage purposes instead of requiring the government to have said agents express their opinion on these matters, and error in permitting a federal prohibition agent to relate a certain conversation he overheard between a stranger and a codefendant. We see no merit in any of these contentions.

The exhibits objected to were found in a search immediately incident to the lawful arrest of appellant's codefendant Paysen. They were in the house where the evidence shows appellant had some proprietary interest and where intoxicating liquor was sold and stored in abundance. These exhibits were customers' copies of orders given to S. Riekes & Son, wholesale bottle and supply dealers of Omaha, and showed sales to "Gorat" and "Louis Gorat" of corks, bottles, flasks, glass jugs, and general liquor supplies. They tended to show appellant's connection with the place where liquors were unlawfully possessed and sold. There was no error in admitting them. Reger v. U. S. (C. C. A.) 37 F.(2d) 74.

The point urged that the prohibition agents testified as a fact as to the kind of liquor found instead of expressing their conclusion is entitled to hardly passing notice. These agents testified they had experience with the smell and taste of alcohol covering three years' work in their field. They were qualified.

As to the testimony admitted, of a conversation the prohibition agent heard between a stranger and appellant's codefendant, it may be said that there is no prejudice apparent from said conversation, and the court in denying a motion to strike the same cautioned the jury that it should be considered only as to the defendant who was identified.

There is ample evidence of appellant's guilt, and we are satisfied there was no prejudicial error.

Affirmed.